Carroll McNulty & Kull, LLC.
570 Lexington Avenue, 10th Floor
New York, New York  10022
(212) 252-0004

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TEEKAY CHARTERING LTD.,

                                                                **09 Civ. 8654 (JGK)**

                      *Plaintiff,*

    - *against* -

                                         **VERIFIED COMPLAINT AND**
TRANSMEDITERRANEE, SA,                     **RULE B ATTACHMENT**

                    *Defendant.*
------------------------------------------------------------x

    Plaintiff, TEEKAY CHARTERING LTD., (hereinafter "Teekay") by its attorneys, Carroll McNulty & Kull, LLC., as and for its Verified Complaint against Defendant TRANSMEDITERRANEE, SA, (hereinafter "Transmed"), alleges upon information and belief as follows:

    1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333;

    2. Venue is proper under 28 U.S.C. §§1391(d) as defendant Transmed is an alien;

    3. At all times hereinafter mentioned, plaintiff, Teekay, was and still is a foreign corporation organized and existing pursuant to the laws of the Republic of the Marshall Islands, with its registered office located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH 96960;

4. At all times hereinafter mentioned, defendant Transmed, was and still is a corporation or other form of business entity organized and existing pursuant to the laws of a foreign sovereign with an office and place of business located care of Barry Rogliano Salles (Paris), 11 Boulevard Jean Mermoz, Neuilly sur Sien Cedex, 92522, France;

5. On or about January 15, 2009, Teekay, as time charter owner, and Transmed as voyage charterer, entered into a charter party contract for the motor tanker ORKNEY SPIRIT, under which Teekay agreed to carry a minimum of 60,000 metric tons of crude oil and/or crude condensate from one safe port, La Skhirra, Tunisia to one safe port, Bizerte, Tunisia, for an agreed upon lump sum payment;

6. The governing charter party contract between Teekay and Transmed provided that Transmed would be liable for demurrage in the amount of US$30,000.00 per day, pro rata, in the event that the loading or discharge of the ORKNEY SPIRIT took longer than the agreed upon Laytime in the contract;

7. Defendant Transmed took longer than the allowed Laytime in which to load and discharge the vessel, thereby becoming liable to Teekay in the amount of US$15,738.31, in demurrage, under the charter party contract. Transmed was sent an invoice for this amount by Teekay and despite due demand, has failed to pay the demurrage that is due;

8. Under the terms of the charter party contract entered into between Teekay and Transmed at issue in this litigation, disputes between Teekay and Transmed are to be submitted to arbitration in London, England, with English law to apply;

9. Under English law, the prevailing party is entitled to recover litigation costs and have its legal fees and expenses reimbursed;

2

10.  The legal fees and litigation costs which Teekay will incur in order to arbitrate its claims against Transmed are estimated as being US$50,000.00;

11.  Under English law, Teekay is also entitled to recover interest on its claims, said amounts are estimated in the below summary claim calculation as being US$1,101.68:

| | |
|---|---|
| Total Principal Claim: | US$15,738.31 |
| Interest: | US$ 1,101.68 (15,738.31 X 7%/year) |
| Litigation Costs/Fees: | US$ 50,000.00 |
| Total Being Sought: | **US$66,839.99** |

12.  The defendant Transmed, cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but, upon information and belief, defendant has, or will have during the pendency of this action, assets, goods or chattels and effects within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to: Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Ha Bank; Great Eastern Bank; Nara Bank; United Orient Bank; The Clearing House Interbank Payments System LLC; The New York Clearing House Association LLC, which are believed to be due and owing to the defendants;

13.  The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and pursuant to 9 U.S.C. §§ 1 and 8, attaching any assets

of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant, and to secure and/or satisfy the plaintiff's claims as described above;

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the defendant, TRANSMEDITERRANEE, SA, citing the defendant to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to the said Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to: Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG: Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Industrial Bank of Korea; Shin Ha Bank; Great Eastern Bank; Nara Bank; United Orient Bank; The Clearing House Interbank Payments System LLC; The New York Clearing House Association LLC, which are believed to be due and owing to the defendant AIC Limited of Hamilton Bermuda in the amount of **US$66,839.99,** to satisfy and/or secure

plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the amounts currently due and/or claims currently pending with interests and attorneys' fees, or which may be initiated in the future, including any appeals thereof; and

D. That the plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       September 28, 2009

          **Carroll McNulty & Kull, LLC.**
          *Attorneys for Plaintiff*
          TEEKAY CHARTERING LTD.

          By: /S/ **John A. Orzel**
               John A. Orzel
               570 Lexington Avenue, 10th Floor
               New York, New York 10022
               (212) 252-0004

## **VERIFICATION**

John A. Orzel declares and states that he is a member in the law firm of Carroll McNulty & Kull, LLC., attorneys for Plaintiff in this action, and that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by Plaintiff; that the reason why the Verification is not made by Plaintiff is that Plaintiff is a corporation or other form of business entity whose principal place of business is outside the New York County, and that due to the exigent nature of this proceeding it was not possible to obtain a Verification from Plaintiff; and that he is authorized to so verify.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2009

                                                           **/S/     John A. Orzel**
                                                                 **John A. Orzel**